## Hohenadel Estate

*High, Swartz, Roberts & Seidel*, by *Aaron S. Swartz, 3rd*, and *Morgan, Lewis & Bockius*, by *W. Wesley Nagle*, for accountant.

TAXIS, P. J., September 26, 1968.—The reason or purpose for the filing of the present account is the death of Elizabeth M. Anck, the surviving life tenant, who died on December 26, 1967. . . .

By his will, executed on January 15, 1937, and codicil thereto, dated June 21, 1937, testator, inter alia, created a residuary trust, bequeathing in Item THIRD of the codicil the residue of his estate in trust to the Fidelity-Philadelphia Trust Company (now The Fidelity Bank) as follows:

"To invest and reinvest the principal of the trust and from the net income therefrom to pay the sum of Two Hundred and Fifty Dollars a year unto my cousin, Amelia Hohenadel, for life.

"To pay the balance of the said net income and after the death of my cousin, Amelia Hohenadel, the entire net income, as follows:

"One-half thereof to Frederick Anck, son of my sister, Louisa Anck, for life, and upon his death to his

widow, Bessie Anck, for life, and upon the death of the survivor of Frederick Anck and Bessie Anck to pay the said portion of income to Theodore Anck, son of my sister, Louisa Anck, for life.

"One-half thereof unto the said Theodore Anck for life, and upon his death to the said Bessie Anck for life.

"Upon the death of the survivor of the said Frederick Anck, Bessie Anck and Theodore Anck, and subject to the payments of Two Hundred and Fifty Dollars a year to Amelia Hohenadel, to transfer, assign and pay over the principal of the trust, at any time fixed for the distribution thereof, unto such of the children and issue of deceased children of my deceased brother, Theodore Hohenadel, as may be living at the time fixed for the said distribution equally, per stirpes, absolutely".

All of the parties entitled to income, excepting Amelia Hohenadel, are now deceased. The present descendants of the testator's brother, Theodore Hohenadel, include four children and numerous issue of such children, but do not include any issue of a deceased child.

Item THIRD of the codicil provides for distribution of principal to such of the issue of Theodore Hohenadel "as may be living at the time fixed for said distribution". It is possible that this language could be interpreted as deferring vesting and distribution until the death of all income beneficiaries, including the annuitant, Amelia Hohenadel. Thus, if Amelia, age 93, were to survive for several years, and during that period one of the children of Theodore Hohenadel should die leaving issue, it might be argued that such issue should be entitled to share in the distribution of the entire trust principal.

In construing any will it must be kept in mind that: (1) testator's intent is the polestar and must prevail; and (2) his intent must be gathered from a consideration of (a) all the language contained in the four corners of his will, (b) his scheme of distribution, (c) the

circumstances surrounding him at the time he made his will, and (d) the existing facts; and (3) technical rules or canons of construction are to be resorted to only if the language of the will is ambiguous, or the testator's intent is for any reason uncertain: Houston Estate, 414 Pa. 579, 586 (1964).

The trustee, in the codicil, was directed to pay over the principal "upon the death" of certain named income beneficiaries, nevertheless such payment was to be made "at any time fixed for the distribution thereof", to the persons "as may be living at the time fixed for the said distribution. . . ." In addition, such payment of principal was made "subject to" payment of the annuity to Amelia.

It may be argued that "any time fixed for distribution" of principal was either: (1) the death of the survivor of testator's nephews and widow of one of them *and* the death of his cousin, Amelia, whichever should last occur, or (2) the death of the survivor of testator's nephews and the widow of one of them. Under the former construction, the interests of the remaindermen are contingent upon their surviving Amelia, and distribution should not be made until after her death. If the latter construction is taken, the interests of the remaindermen vested upon the death of Elizabeth Anck, the surviving life tenant of the trust, and distribution should be made at this time.

Several authorities have considered analogous problems. In Flinn Estate, 3 D. & C. 2d 738, aff'd 383 Pa. 79, the testator left a portion of his residuary estate in trust and provided that the income was to go to a son for life, and thereafter the son's widow was to receive an annuity until her death or remarriage, the balance to go to the son's other children; and if the son died without issue, the principal was to go to the testator's other children subject to the interest of the son's widow,

the issue of any deceased children to take their parent's share. The son died without issue.

It was argued that the interests of the other children in the share of the son who predeceased them, were contingent on their surviving the deceased son's widow, and that the testator did not intend any distribution until her life estate terminated, intending that the identity of the remaindermen not be determined until the time of distribution. Both of these contentions were rejected by the court, which ruled that the interests of the testator's other children in the son's share vested on his death and they did not have to survive his widow. The court pointed out that: "The law leans to vested estates and the presumption is that a legacy was intended to be vested": 3 D. & C. 2d at 741.

The rationale of the court in the Flinn case is applicable to the present case. Item THIRD of the codicil directs payment of the principal upon the death of the survivor of the nephews and the widow of one of them, subject to the annuity of Amelia. At the death of the last life tenant, Elizabeth Anck, the interests of the children of Theodore Hohenadel vested, subject to payment of the annuity, an equitable charge. See also Buckley's Administrators v. Reed, 15 Pa. 83.

In the present case, since the testator's expression of intent is not free from ambiguity, canons of construction would seem to apply to determine the nature of interests in principal of a residuary trust. In Houston Estate, supra, the court held that the interests were vested and stated: "The intention of a testator or settlor to create a contingent interest must appear clearly and plainly, otherwise the interest will be construed to be vested, or vested subject to be divested".

The court concludes, therefore, that the entire principal of the trust vested equally in the four presently living children of Theodore Hohenadel upon the death of the last life tenant, Elizabeth Anck, and that such

principal, with the exception of a sum of $10,000 which is to remain in trust for the payment of the annuity to Amelia Hohenadel, is presently distributable in equal shares to the four children of Theodore Hohenadel; that upon the death of the annuitant the funds so set aside, plus any income accumulated because in excess of the amount required to satisfy the annuity, is to be distributed to the four children in whom the principal is presently vested, or to the estates of any who may have subsequently died, in equal shares. . . .

And now, September 26, 1968, this adjudication is confirmed nisi.